# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ANDREW A. VANDERBUSH,**

        **Plaintiff,**                              Case No. 09-11360

**vs.**                                                  **HONORABLE DENISE PAGE HOOD**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Mark A. Randon's Report and Recommendation, dated May 10, 2010. Neither Defendant nor Plaintiff filed any objections to the Magistrate Judge's Report and Recommendation.

Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made by the Commissioner are supported by substantial evidence, and deciding whether the Commissioner employed the proper legal criteria in reaching his or her conclusion. *Garner v. Heckler*, 745 F. 2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F. 2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F. 2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support

a contrary decision. *Smith v. Secretary of HHS*, 893 F. 2d 106, 108 (6th Cir. 1989). An administrative decision must be affirmed if supported by substantial evidence, even if the Court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F. 2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F. 2d 1147, 1150 (8th Cir. 1984)).

The Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be granted and Defendant's Motion for Summary Judgment be denied. The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Court agrees with the Magistrate Judge that the ALJ did not give appropriate weight to Plaintiff's treating physicians, particularly Dr. Reyes, nor did the ALJ provide an adequate explanation for discounting the treating physicians' opinions. The Court also agrees with the Magistrate Judge that the ALJ improperly rejected Plaintiff's subjective complaints of pain. The Court also agrees with the Magistrate Judge that there is no evidence that Plaintiff has failed to follow the recommendations of his physicians in treating his pain.

Although the Magistrate Judge recommends that this matter be remanded, the Magistrate Judge does not specify under which sentence of 42 U.S.C. § 405(g) the matter should be remanded. The Supreme Court recognizes only two kinds of remands involving social security cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100. Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or

reversing the Commissioner's decision. *Id*. at 99-100. Sentence four remands are appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994). In such situations the district court must reverse the Commissioner's decision and remand the matter for further proceedings in order to correct the error. *Id.* A judgment must be entered immediately with a sentence four remand and the district court does not retain jurisdiction during the administrative proceedings on remand. *Melkonyan*, 501 U.S. 101-102. Failure to remand under sentence four and retention of jurisdiction is error. *Shalala v. Schaeffer*, 509 U.S. 292, 299 (1993). A sentence four remand is a judgment for the plaintiff. *Id* at 302 (citations omitted). This Court finds that this matter must be remanded under sentence four.

Accordingly,

IT IS ORDERED that Magistrate Judge Mark A. Randon's Report and Recommendation [**Docket No. 19, filed May 10, 2010**] is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [**Docket No. 12, filed on October 16, 2009**] is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [**Docket No. 18, filed on December 16, 2009**] is DENIED.

IT IS FURTHER ORDERED that, pursuant to sentence four, this matter is REMANDED for further administrative proceedings consistent with this Order.

IT IS FURTHER ORDERED that this cause of action is DISMISSED.

S/Denise Page Hood

Denise Page Hood
United States District Judge

Dated: July 30, 2010

      I hereby certify that a copy of the foregoing document was served upon counsel of record on July 30, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager